**Linda J. Larkin**, OSB# 792954
E-mail: larkinl@bennetthartman.com
**BENNETT, HARTMAN, MORRIS & KAPLAN, LLP**
210 SW Morrison Street, Suite 500
Portland, OR 97204-3149
Telephone: 503-227-4600
Facsimile: 503-248-6800
**Attorney for All Plaintiffs**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GARY YOUNG and TIMOTHY G. GAUTHIER, Trustees who comprise the OREGON AND SOUTHWEST WASHINGTON NECA-IBEW ELECTRICAL WORKERS AUDIT COMMITTEE
Plaintiffs,
vs.

WATKINS CONSTRUCTION CO., INC.
Defendant.

Civil No. ____________________

COMPLAINT

(ERISA Action for Delinquent Contributions, Pendent Claim for Breach of Agreement, Declaratory Judgment)

**PARTIES**

1. At all material times hereto, Plaintiff the Oregon-SW Washington NECA-IBEW Electrical Workers Audit Committee, comprised of Timothy J. Gauthier and Gary Young (the "Audit Committee"), was and is the designated collection agent for the trustees of the Trust Funds, authorized to collect from signatory employers the fringe benefit contributions and other amounts required to be paid by employers or withheld from their employees' wages, under the Collective Bargaining Agreements ("CBAs") and the provisions of the Trust Agreements.

2. Pursuant to the terms of the CBAs, and pursuant to policies and procedures agreed upon by the Oregon-Columbia Chapter of National Electrical Contractors Association ("NECA"), International Brotherhood of Electrical Workers, Local 48 ("Local 48"), International Brotherhood of Electrical Workers, Local 280 ("Local 280"), Harrison Electrical Workers Trust Fund ("Harrison Trust"), Edison Pension Trust ("Edison Trust"), National Electrical Benefit Fund ("NEBF"), International Brotherhood of Electrical Workers District No. 9 Pension Plan ("District 9 Pension Plan"), NECA-IBEW Electrical Training Trust ("Training Trust"), Barnes Labor-Management Cooperation Trust Committee ("BLMCC"), the Central Training Trust, the Cascade Pension Trust ("Cascade"), and the Labor-Management Cooperation Committee ("LMCC"), the Audit Committee is authorized to take appropriate action, on behalf of the Trust Funds, Local 48, and Local 280 to collect all amounts owed by an employer under, and enforce the terms of, the CBAs requiring payment of fringe benefit contributions, interest, liquidated damages, and collection costs.

3. At all material times hereto, Harrison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of the Employee Retirement Income Security Act of 1974, as amended (ERISA). Harrison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

4. At all material times hereto, Edison Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. Edison Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

5. At all material times hereto, NEBF is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. NEBF is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

6. At all material times hereto, District No. 9 Pension Plan is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq.* of ERISA. District 9 Pension Plan is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

7. At all material times hereto, Training Trust was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq*. of ERISA. The Training Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

8. At all material times hereto, BLMCC was and is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq*. of ERISA. BLMCC is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

9. At all material times hereto, the Central Training Trust is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq*. of ERISA. The Central Training Trust is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

10. At all material times hereto, Cascade is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq*. of ERISA. Cascade is administered by a Board of Trustees

composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

11. At all material times hereto, LMCC is an employee benefit plan within the meaning of 29 USC § 1002, *et. seq*. of ERISA. LMCC is administered by a Board of Trustees composed of an equal number of representatives from labor and management designated in accordance with the provisions of 29 USC § 186.

12. At all material times hereto, Local 48 is a labor organization with its principal office and place of business in Multnomah County, Oregon, representing employees of the defendant.

13. At all material times hereto, Local 280 is a labor organization with its principal office and place of business in Linn County, Oregon, representing employees of the defendant.

14. Hereafter, Harrison Trust, Edison Trust, NEBF, Training Trust, BLMCC, the Central Training Trust, LMCC, Cascade and District 9 Pension together will be collectively referred to as Trust Funds ("Trust Funds").

15. At all material times hereto, defendant Watkins Construction Co., Inc. was a Washington corporation registered to do business in Oregon as Watkins Construction Co., Inc.

**JURISDICTION AND VENUE**

16. This court has jurisdiction over the First and Fifth Claims for Relief brought pursuant to Sections 502 and 515 of ERISA, 29 USC §§ 1132 and 1145.

17. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 USA § 1132.

18. At all material times to this proceeding, Defendant was bound by written CBAs with Local 48 and Local 280.

19. Plaintiffs maintain their principal office, within the meaning of 29 USC § 1132(k), in the District of Oregon.

20. By virtue of the provisions in the CBAs, Defendant agreed to be bound to the terms of the Trust Agreements and plans for each fringe benefit fund, and acknowledged, accepted, and agreed to the delegation of the collection authority to the Audit Committee.

21. The Trust Agreements provide that Plaintiffs may initiate legal proceedings in the venue of Multnomah County, Oregon.

22. The Court should assume pendent jurisdiction over the Second, Third and Fourth Claims for Relief against defendant which allege breach of contract for the following reasons:

a. The Court has jurisdiction over Plaintiffs' First and Fifth Claims for Relief which allege violations of ERISA and of the LMRA;

b. The claims for breach of contract are based on the same operative facts which are alleged in Plaintiffs' ERISA and LMRA claims; and

c. Judicial economy, convenience and fairness to the parties will result if the Court assumes and exercises pendent jurisdiction over Plaintiffs' Second, Third and Fourth Claims for Relief.

**FIRST CLAIM FOR RELIEF**

**(ERISA ACTION FOR OUTSTANDING TRUST FUND CONTRIBUTIONS AND SPECIFIC ENFORCEMENT OF THE CBA)**

23. Plaintiffs re-allege and incorporate by this reference paragraphs 1 through 22 of this complaint as if set forth in full.

24. Under the terms of the CBAs, Defendant agreed to report labor performed by its employees and pay all contributions and withholdings required under the CBAs and applicable Trust Agreements.

25. Under the CBAs, Defendant also agreed:

a. To file contribution reports for each period of covered employment;

b. To pay contributions and amounts owing by the fifteenth (15th) day of the month following each applicable period;

c. To pay a delinquency charge to the Trust Funds for each month of delinquent contributions as liquidated damages;

d. To pay interest at the rate of 1.0 percent per month from the date contributions were due, until paid;

e. To pay reasonable attorney fees and costs for all collection efforts; and

f. To make available applicable books and records for the purpose of auditing same to determine the amount of its liability, and if a liability is determined to pay the expenses of the audit if delinquencies are found.

26. Defendant failed to properly fund reports as required under the terms of the CBAs for the hours worked by its employees for the period of August 1 through and including October 31, 2012, and March 1, 2013, through and including April 30, 2013. Partial payments were made delinquently and the funds received applied to offset the balance of the contributions due and claimed herein.

27. The total remaining underpayment of contributions as disclosed by Defendant's reporting is in the amount of $64,216.90.

28. Based upon the unpaid contributions Defendant owes to the Trust Funds under the Trust Agreements, as amended, which govern the Harrison Trust, Edison Trust, NEBF, Training Trust, BLMCC, the Central Training Trust, LMCC, Cascade and District 9 Pension Plan, now


due and owing from Defendant are liquidated damages delinquency charges to which the Trust Funds are entitled under the Agreements and 29 USC § 1132(g)(2) in the sum of $15,966.60.

29. Based upon the unpaid contributions owing to the Trust Funds under 29 USC § 1132(g) (2) and the Trust Agreements, as amended, which govern the Harrison Trust, Edison Trust, NEBF, Training Trust, BLMCC, the Central Training Trust, LMCC, Cascade and District 9 Pension Plan now due and owing from Defendant is interest on the unpaid contributions at the rate of one (1.0%) percent per month from the date contributions were due, until paid. The total amount of interest due and calculated through September 30, 2013 is in the sum of $3,930.80.

30. The Trust Agreements, as amended, which govern the Harrison Trust, Edison Trust, NEBF, Training Trust, BLMCC, the Central Training Trust, LMCC, Cascade and District 9 Pension Plan provide that, in the event that Defendant fails to pay employee benefit contributions and legal proceedings are instituted, the Trust Funds are entitled to recover a reasonable attorney fee to be determined herein.

31. Plaintiffs are also entitled to recover a reasonable attorney fee from Defendant pursuant to the provisions of 29 USC § 1132(g) of ERISA.

**SECOND CLAIM FOR RELIEF**

**(ERISA CLAIM FOR OUTSTANDING INTEREST ON DELINQUENT CONTRIBUTIONS, PENDANT CLAIM FOR OUTSTANDING LIQUIDATED AND DAMAGES)**

32. The Plaintiffs re-allege paragraphs 1 through 31 above as if fully set forth herein.

33. At the time each of the Trust Agreements were written, it was impracticable and extremely difficult to fix the amount of damages or harm that would be caused to each Trust Fund by the failure of an employer to properly and timely pay contributions. The Trustees of each Trust Fund provided that liquidated damages would be due upon failure to timely pay

contributions. Such a sum was settled upon by the Trustees of the each Trust Fund as a reasonable forecast of the compensation for the damages to each of the Trusts arising from a delinquency and because it is not possible to make an accurate estimation of the damages caused by a delinquency.

34. Defendant failed to make the following payments of contributions to Plaintiffs for March and April 2013 resulting in liquidated damages due of $9,078.30 and interest due of $858.32 as follows:

| Month | | Liquidated Damages | interest |
|---|---|---|---|
| Mar-13 | Category II | $ 658.80 | $165.80 |
| | L. 48 Commercial | $ 1,621.82 | $406.00 |
| | L.280 Inside | $ 5,054.53 | $227.46 |
| Apr-13 | L.280 Inside | $ 443.29 | |
| | | $ 1,299.86 | $59.06 |
| **TOTALS** | | **$ 9,078.30** | **$858.32** |

35. By reason of Defendant's failure to make the payments by the date due, Defendant is indebted to the Trust Funds in the sum of $9,078.20 in liquidated damages, and interest in the sum of $858.32 calculated through September 30, 2013 and continuing to accrue thereafter at the rate of twelve per cent per annum, plus collection costs incurred herein.

36. The Trust Funds are entitled to recover a reasonable attorney fee from Defendant based on the terms of the CBAs and the Trust Agreements, as amended, which govern the Trust Funds as well as 29 USC §1132(g)(2).

## THIRD CLAIM FOR RELIEF

## (BREACH OF CONTRACT)

37. Plaintiffs re-allege paragraphs 1 through 36 above as if fully set forth herein.

38. The CBAs provide that the Audit Committee shall enforce collection of, and Defendant shall collect by wage withholding and forward to the Audit Committee collection agent, certain amounts due to employees for vacation pay, working dues, PAC dues, MRP dues, and the Administrative Fund.

39. The CBAs provide that Defendant shall pay to the Audit Committee's collection agent certain amounts due to employees for Administrative Fund contributions.

40. The amounts due for vacation pay, working dues, PAC dues, MRP dues, and the Administrative Fund are due on the 15th day of the month following the month in which the hours were worked and wages were earned which form the basis of the calculation of the amounts due.

41. For the months of March and April 2013, defendant reported but did not pay the wage withheld funds for vacation pay, working dues, PAC dues, MRP dues, and the Administrative Fund in the total sum of $1,934.82.

42. Pursuant to ORS 82.010 *et seq* monies which become due and owing bear interest at the rate of nine per cent per annum. Interest accrued through September 30, 2013 on the total amount due for vacation pay, working dues, PAC dues, MRP dues, and the Administrative Fund in the sum of $85.99 and continues to accrue thereafter at the rate of $0.64 per day.

**FOURTH CLAIM FOR RELIEF**

**(BREACH OF CONTRACT)**

43. Plaintiffs re-allege paragraphs 1 through 42 above as if fully set forth herein.

44. Plaintiffs and Defendant entered into a Settlement Agreement on December 19, 2012 for sums owed by Defendant for delinquent employee benefit contributions, and/or

liquidated damages, interest, and other wage withholdings arising from hours worked during August 1, 2012 through October 31, 2012, together with attorneys' fees and court costs.

45. Under the Settlement Agreement, Defendant agreed to pay liquidated damages in the amount of $7,523.52 to Plaintiffs. Plaintiffs agreed to forgive those sums if Defendant submitted its fringe benefit contributions in a timely manner. Plaintiffs agreed to consider the contributions timely if Defendant paid the contributions owed on or before the 15th day of the month immediately following the month in which the work was performed.

46. Per the Settlement Agreement, if Defendant failed to timely pay contributions due monthly or if the Defendant failed to make a payment due under the Settlement Agreement and the Promissory Note incorporated therein, the Audit Committee in its sole discretion can decide whether to declare the Settlement Agreement in default and enforce collection of the amounts due for liquidated damages and collection costs, or take such other appropriate action as may be necessary to enforce collection of employee benefits contributions as allowed by law. Defendant failed to timely pay its contributions during the Settlement Agreement for the months of March 2013 forward and Defendant failed to make monthly payments due under the Settlement Agreement. The Audit Committee found Defendant in default of the Settlement Agreement and the accompanying Promissory Note.

47. The balance due under the Settlement Agreement is in the sum of $52,990.14 in principal, together with the liquidated damages of $7,523.52 due arising from the employer's failure to comply with the terms of the agreement, and interest from March 22, 2013 which is the date of the last payment received until paid accruing at the rate of 12% per annum or in the amount of $17.42 per diem on a principal balance of $52,990.14.

48. The Promissory Note incorporated into the Settlement Agreement further provides that in the event any suit, collection action or other proceedings are required to enforce the terms of the Promissory Note, the Audit Committee is entitled to its reasonable attorney fees, costs and expenses of collection.

49. Pursuant to the terms of the Settlement Agreement and Promissory Note incorporated by reference therein, Plaintiffs are entitled to their reasonable attorney fees and court costs incurred herein.

**FIFTH CLAIM FOR RELIEF**

**(SPECIFIC PERFORMANCE TO COMPEL AUDIT)**

50. Plaintiffs re-alleges paragraphs 1 through 49 above as if fully set forth herein.

51. The Trust Agreements provide that, at the discretion of the Audit Committee, a payroll audit may be performed on all necessary payroll books and records of a participating employer by an auditor selected by the Audit Committee. Defendant should be required to make available applicable books and records for the purpose of auditing same to determine the amount of its liability, and if a liability is determined to pay the expenses of the audit if delinquencies are found.

52. Pursuant to the provisions of 29 U.S.C. § 1132 and §1145 and pursuant to the terms of the Trust Agreements in the event that the Audit Committee places an account in the hands of legal counsel to enforce the terms of payment of employee benefit contributions, the Audit Committee is entitled to recover its legal fees and costs and audit costs.

53. The Audit Committee is entitled to specific performance of the requirement that Defendant produce and make available its payroll books and records for the purpose of an audit; and, the Audit Committee is entitled to an Interlocutory Order of the Court providing same.

54. In the event that an audit of Defendant's books and records reveals that proper employee benefit contribution payments were not made on all compensable hours for all employees working under the written CBAs, the Audit Committee is entitled to a Judgment for the additional amount of the unpaid employee benefit contributions due.

55. In the event that an audit of Defendant's books and records reveals that proper contributions were not made on all compensable hours for all employees working under the written CBAs, the Audit Committee is further entitled to a Judgment for interest due on the unpaid contributions from the date due through the date of payment at the rate of 12 percent per annum.

56. In the event that an audit of Defendant's books and records reveals that proper employee benefit contribution payments were not made by the due date on all compensable hours for all employees working under the written CBA, pursuant to the provisions of 29 U.S.C. § 1132 and pursuant to the terms of the Trust Agreement, Defendant is obligated to pay liquidated damages which are 20 percent of the amount of the contributions due as calculated under the terms of the Trust Agreements.

57. The Trust Agreements further provides that, in the event the Trustees place the account in the hands of legal counsel for collection, defendant shall be liable for all reasonable costs incurred in the collection process, including attorney fees, court costs and for the Audit Committee's audit fees.

58. Plaintiffs are further entitled to its reasonable attorney's fees and court costs incurred herein pursuant to the provisions of 29 U.S.C. § 1132.

WHEREFORE, Plaintiffs pray for judgment against defendant as follows:

1. Under the First Claim for Relief:

        a.        For unpaid contributions in the amount of $64,216.90;

        b.        Liquidated damages of $15,966.60; and

        c.        Interest through September 30, 2013 in the sum of $3,930.80 and continuing to accrue thereafter at the rate of twelve per cent per annum.

2.        Under the Second Claim for Relief:

        a.        For liquidated damages in the sum of $9,078.30; and

        b.        Interest through September 30, 2013 of $858.32.

3.        Under the Third Claim for Relief:

        a.        For unpaid wage withholdings and Administrative Fund obligations in the total amount of $1,934.82; and

        b.        For interest at the rate of nine per cent per annum or calculated from the date each payment was due through September 30, 2013 in the sum of $85.99 and thereafter $0.64 per diem.

4.        Under the Fourth Claim for Relief:

        a.        For unpaid balance due under the Settlement Agreement in the amount of $52,990.14;

        b.        For Liquidated damages of $7,523.52; and

        c.        Interest through September 30, 2013 in the sum of $3,344.64 and continuing to accrue thereafter at the rate of twelve per cent per annum or $17.42 per diem.

5.        Under the Fifth Claim for Relief:

      a.      For an Interlocutory Order requiring Defendant to allow a payroll audit to be performed on all necessary payroll books and records by an auditor selected by the Audit Committee.

    6.      For Plaintiffs' reasonable attorney fees and costs and disbursements incurred herein.

DATED:  this 24th day of September, 2013.

BENNETT, HARTMAN, MORRIS & KAPLAN, LLP

/s/ Linda J. Larkin
Linda J. Larkin, OSB No. 792954
Telephone:  503-227-4600
E-Mail: larkinl@bennetthartman.com
Attorney for All Plaintiffs